UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FRANKLIN PARISH HOSPITAL SERVICE DISTRICT NO. 1 and FRANKLIN MEDICAL CENTER EMPLOYEE BENEFIT PLAN AND TRUST | CIVIL ACTION NO. 3:16-01061<br><br>JUDGE TERRY A. DOUGHTY |
| VERSUS | |
| FOX-EVERETT A DIVISION OF HUB INTERNATIONAL SOLUTIONS, LLC | MAG. JUDGE KAREN L. HAYES |

RULING

Plaintiffs Franklin Parish Hospital Service District No. 1 and Franklin Medical Center Employee Benefit Plan and Trust, (hereinafter collectively "Franklin Medical Center") brought this lawsuit against the medical plan's third-party administrator Fox-Everett A Division of HUB International Solutions, LLC (hereinafter "Fox-Everett") alleging discrepancies in claims handling. Pending before the Court is a Motion for Summary Judgment filed by Defendant Fox-Everett [Doc. No. 22] on the issue of attorney's fees. Plaintiff Franklin Medical Center has filed an Opposition [Doc. No. 25]. For the following reasons, the Motion for Summary Judgment is **DENIED**.

I.     **FACTS:**

Plaintiff Franklin Medical Center entered into an agreement with Defendant Fox-Everett to administer Franklin Medical Center's self-insured employee benefit Plan. During the term of the agreement, Franklin Medical Center became concerned that duplicate payments to healthcare providers for employee healthcare claims were being directed by Fox-Everett. These concerns

were based, in part, by providers returning payments for claims which had previously been remitted through Fox-Everett, and by Fox-Everett's website portal data.

Upon discovery of the apparent discrepancies, Franklin Medical Center requested an explanation and a comprehensive accounting of payments from Fox-Everett, a performance objective required of Fox-Everett pursuant to the terms of the agreement. Franklin Medical Center contends that Fox-Everett failed to provide the explanation or the comprehensive accounting requested. Prior to initiating the instant proceeding, Franklin Medical Center contends it again requested that Fox-Everett fulfill its duties under the terms of the agreement, to no avail.

Franklin Medical Center asserts that, as the result of meaningful responses from counsel for Fox-Everett through the discovery process after the lawsuit was filed, the concerns which initially drove Franklin Medical Center to initiate the instant matter were finally addressed. Therefore, the claims asserted against Fox-Everett regarding discrepancies in claims handling are not being pursued by Franklin Medical Center. Nevertheless, Franklin Medical Center is seeking attorney's fees, contending that the utter lack of response from Fox-Everett, which was required of it by the agreement, necessitated Franklin Medical Center's filing this lawsuit. Franklin Medical Center states that, in the face of completely failing to respond to reasonable requests from Franklin Medical Center, Fox-Everett now responds by stating "you had everything you needed to figure it out", and that is insufficient. Franklin Medical Center asserts that Fox-Everett owed a duty imposed by the agreement, it failed to fulfill that duty, and that failure led to this point.

Because Franklin Medical Center's claim against Fox-Everett is based on Fox-Everett's breach of the agreement due to its nonperformance under the terms of the agreement, Franklin Medical Center argues that the plain language of the agreement requires indemnification to Franklin Medical Center for its expenses, including reasonable attorney's fees.

Fox-Everett, on the other hand, contends that Franklin Medical Center is not entitled to attorney's fees under the indemnification agreement. Fox-Everett contends that, after it provided Franklin Medical Center with a new copy of information that had been previously provided throughout the relationship and that was at all times already in Plaintiffs' possession, Franklin Medical Center agreed to dismiss their substantive claims because they concluded there were no factual basis for them. Fox-Everett asserts that the reason for Franklin Medical Center's confusion about alleged overpayments was apparently a misunderstanding of information in a web portal provided by Fox-Everett that allowed Franklin Medical Center to access medical claim information. Fox-Everett states that Franklin Medical Center nevertheless blames Fox-Everett for their own misimpression, and now, even though they have admitted they had no claim, based on information that has always been in their possession, they seek attorney's fees from Fox-Everett.

Fox-Everett contends that the only potential source for an award of attorney's fees is the service agreement, and that the indemnity provision of the service agreement does not apply to direct claims between the parties.

Fox-Everett has now moved for summary judgement. The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by

3

identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.     Attorney's Fees under the Indemnity Agreement**

The relationship between the parties was governed by a contract. The contract contains two provisions related to attorney's fees. The first is found in a paragraph concerning indemnification. It reads:

> The Third Party Claims Administrator will indemnify and save harmless Employer from any penalties, claims, liabilities, losses, costs, damages or expenses (including reasonable attorneys' fees) resulting by reason of the Third Party Claims Administrator's negligence, dishonesty, fraud, or criminal actions in the performance or nonperformance of its duties hereunder, its failure to comply with any applicable laws, or its breach of this Agreement.

The indemnification clause further provides:

> The indemnifying Party shall have the foregoing obligation only if the indemnified Party provides the indemnifying Party with: (i) a

4

> prompt written notice of a claim subject to indemnification; (ii) sole control and authority over the defense or settlement thereof; and (iii) all available information, assistance, and authority reasonably necessary to settle and/or defend any such claim or action.

The second is found in conjunction with a paragraph allowing for the prevailing party to obtain attorney's fees should a claim be brought in arbitration:

> In the event any dispute arises between the Parties in connection with this Agreement and such dispute cannot be resolved by the Parties, the Parties agree to submit the dispute to binding arbitration before a single arbitrator administered by JAMS. Either Party may submit the dispute to arbitration by providing the other Party with written notice of its election to do same. The dispute shall be heard at a mutually agreed location in the Jackson, MS metropolitan areas. The arbitrator shall award the prevailing Party its arbitration fees and its reasonable attorneys' fees.

Franklin Medical Center did not bring a claim in arbitration. Instead, a suit was filed against Fox-Everett alleging breach of fiduciary duty under ERISA, breach of contract, breach of common law fiduciary, conversion, and silent fraud. Franklin Medical Center subsequently voluntarily agreed to dismiss all these claims against Fox-Everett.

Fox-Everett asserts that the indemnity provision of the service agreement does not apply to direct claims between the parties. It argues that the indemnity provision at issue provides that the indemnity obligation on its part is enforceable "only if the indemnified Party provides the indemnifying Party with: (i) a prompt written notice of a claim subject to indemnification; (ii) sole control and authority over the defense or settlement thereof." It states that Franklin Medical Center has not alleged and there is no proof that they complied with this obligation, and, moreover, the inclusion of this language makes unequivocal that the entirety of the indemnity clause was not intended to apply to actions between the parties to the contract. It further argues this straight forward interpretation of the indemnity clause is further buttressed by the fact the Agreement

5

contains a provision providing for an award of attorney's fees in a direct action between the parties to the contract. The arbitration clause expressly states, "The arbitrator shall award the prevailing Party its arbitration fees and its reasonable attorneys' fees." Fox-Everett contends Franklin Medical Center eschewed arbitration by filing suit in court, thereby giving up their right to seek an award of attorneys' fees.

Franklin Medical Center responds that the indemnity provision of the service agreement *does* apply to direct claims between the parties. In *Wal-Mart Stores, Inc. v Qore, Inc.,* 647 F. 3d 237 (5th Cir. 2011), Wal-Mart had an indemnification agreement with three firms it had hired to design and build a new store. After finding a defect in the structure, Wal-Mart sued each of the firms for breach of contract and negligence. Once the jury rendered its verdict, finding that Qore was negligent, Wal-Mart sought attorney fees pursuant to an indemnification agreement that stated:

> The Testing and Inspection Firm [Qore] further agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by the Testing and Inspection Firm, its agents, servants, or employees.

*Id.* at p. 243.

Before the Fifth Circuit was Qore's contention that the foregoing indemnity provision only applied to actions brought by third parties against Wal-Mart and did not authorize an award of attorney's fees in first-party disputes between Qore and Wal-Mart. In response, Wal-Mart argued that the plain language of the agreement authorized attorney's fees in any case, including cases involving the contracting parties. Following Mississippi law, the district court applied a plain reading of the contractual language and found attorney's fees were allowed. In affirming the district court's finding, the Fifth Circuit also relied on the plain language of the contract.

6

Additionally, the Fifth Circuit noted the district court's explanation that "there [had been] a jury finding that Qore was negligent, that negligence caused 'loss, damage, or injury' to Wal-Mart, and that Wal-Mart was forced to sue Qore to recover." *Id.* at p. 243.

This Court finds that the language in the Fox-Everett agreement mirrors the language of the indemnity agreement at issue in Qore, and, therefore, does apply to a first-party dispute between Franklin Medical Center and Fox-Everett. There are genuine issues of material fact which preclude Fox-Everett from being entitled to judgment as matter of law. Franklin Medical Center should have the opportunity at trial to establish Fox-Everett's breach of contract and negligence in the nonperformance of its duties mandated by the agreement, and the damages, if any, including reasonable attorney's fees, which were a consequence of the breach of contract and negligence in the nonperformance of its duties.

### III. CONCLUSION

For the reasons set forth above, Defendant Fox-Everett's Motion for Summary Judgment [Doc. No. 22] is **DENIED**.

MONROE, LOUISIANA, this 24th day of May, 2018.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**